[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case is a petition for a new criminal trial filed by Roger Woodson ("plaintiff"). The plaintiff was convicted after trial by jury on charges of arson and conspiracy to commit arson concerning a fire on November 10, 1989 at 132 Lamberton Street in New Haven. The plaintiff was also charged with conspiracy to commit insurance fraud in connection with a claim related to the fire. At the criminal trial, the plaintiff was represented by counsel.
The plaintiff claims two grounds for a new trial. In the first count of his petition he alleges that a witness, Wallace Coleman, who gave the police a sworn statement to the effect that the plaintiff had admitted the arson, had later recanted this testimony. The plaintiff did not present Coleman as a witness, and the claim of recantation is unproved. CT Page 7390
In Count Two of his petition the plaintiff alleges that Wallace Coleman had falsely implicated another person in an unrelated arson investigation and that this information could have been used by the plaintiff to impeach Coleman's testimony at trial but that the plaintiff was not aware of it until after completion of the trial.
Before reviewing the evidence relevant to this claim, it is useful to state the legal standard that must be applied to a petition for a new trial.
A petitioner who seeks a new trial based on newly discovered evidence must demonstrate by a preponderance of the evidence that 1) the proffered evidence is newly discovered, such that it could not have been discovered earlier by exercise of due diligence; 2) it would be material upon a new trial; 3) it is not merely cumulative; and 4) it is likely to produce a different result in a new trial. Asherman v. State, 202 Conn. 429, 430 (1987); Kubeckv. Foremost Foods Co., 190 Conn. 667, 670 (1983).
At trial, Wallace Coleman testified under subpoena that the plaintiff asked him after the fire at 132 Lamberton Street whether Coleman would like to purchase that property. Coleman told the police that the plaintiff had mentioned that he had lost money in the stock market. Coleman then professed not to recollect what else he told the police at an interview conducted approximately a week after the November 10, 1989 fire at 132 Lamberton Street. Pursuant to State v. Whelan, 200 Conn. 743
(1986); a transcript of Coleman's statements to the police was entered into evidence and a tape recording of those statements was played to the jury. In his statement to the police, Coleman said that the plaintiff said he needed thirty thousand dollars to leave town and that he burned the house on Lamberton Street and another house that he owned on Lawrence Street and that he had had assistance in making the fires appear to be electrical fires.
Coleman testified at trial that some of the things he had told the police were true and some were false (Tr. 853). He also testified to the effect that he was afraid of reprisal if he testified against the plaintiff at trial.
On cross examination, the plaintiff's trial counsel brought out the fact that Coleman had been convicted of a marijuana charge when he was in the military and that he had been discharged from the military for bad conduct. Nothing was brought CT Page 7391 out about any arson investigation of property owned by Coleman or any accusations by Coleman against anyone other than the plaintiff.
The plaintiff claims that a new trial should be conducted because there is evidence that Coleman falsely accused his own fiancee, Wanda McNeil of arson in connection with a fire at a building owned by Coleman and that the pending arson investigation concerning his own property gave Coleman a reason to provide false statements against the plaintiff. The plaintiff called as witnesses some fire investigators who denied that Coleman had accused McNeil of arson.
The plaintiff presented into evidence the fire department's investigation files as to a fire at 415 Dixwell Avenue on February 28, 1990 and another at 98 Eagle Street on February 27, 1990. Both properties were owned by Coleman. The court has inspected each page of both files, which have been received under seal because they relate to pending investigations. In none of his statements did Coleman accuse Wanda McNeil of starting either fire, and nothing in either file supports the plaintiff's position that Coleman made such an accusation.
Coleman was not called as a witness. When the plaintiff applied to the court to issue trial subpoenas, he indicated that Coleman was in another state.
The plaintiff has failed to prove that any evidence exists to establish that Coleman had on other occasions falsely accused others of arson. The fires at Coleman's own properties had not even occurred at the time he gave the police information against the plaintiff. Having failed to prove the existence of the evidence he claims justifies a second trial, the plaintiff has failed to meet his burden of proof.
The petition for a new trial is therefore denied.
Beverly J. Hodgson Judge of the Superior Court